

March 15, 2022

**VIA E-FILING**
The Honorable Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

    RE:   *Invitae Corporation v. Natera, Inc.*
           C.A. No. 21-cv-669-CFC
           *Invitae Corporation v. Natera, Inc.*
           <u>C.A. No. 21-cv-1635-CFC</u>

Dear Chief Judge Connolly:

    Submitted herewith as Exhibits A and B are the parties' Proposed Protective Order and ESI stipulation. The parties have no disputes on the ESI stipulation. As to the protective order, the Parties have agreed on all provisions except for Section 6.3, which pertains to procedures for challenging confidentiality designations. The parties have submitted competing proposals within the text of the Proposed Protective Order and have stated their positions below.

    **<u>Invitae's position</u>**: Invitae respectfully submits that the party seeking to maintain a disputed confidentiality designation should be required to seek the Court's relief if it truly wishes to maintain that designation after meet and confer. By requiring the party seeking to maintain the designation to seek the Court's relief, Invitae's proposal will dissuade parties from maintaining confidentiality designations except where it is truly warranted. This will curb abusive and overbroad confidentiality designations, which, unfortunately, are far too common. *See Takeda Pharm. U.S.A., Inc. v. Mylan Pharm., Inc.*, D.I. 24, No. 19-2216-RGA (D. Del. Dec. 19, 2019) ("In my experience, corporate parties in complex litigation generally prefer to litigate in secret. To that end, discovery is over-designated as being confidential…."). Further, the parties agree that the side seeking to maintain a confidentiality designation bears the burden. As such, it is only sensible that this side be the first to lay out its position.

**Natera's position**:

The Parties agree that the burden of justifying a confidentiality designation rests with the party designating that information as confidential.  The parties differ as to who should seek judicial intervention where the parties disagree about a confidentiality designation.  Natera believes that either party should have the right to seek relief if it believes such relief is necessary.

We are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Filing)