## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVITAE CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 21-cv-669-CFC |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| NATERA, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |
| | ) | |
| INVITAE CORPORATION, | ) | Case No. 21-cv-01635-CFC |
| | ) | |
| *Plaintiff,* | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| NATERA, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

## [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

## I.   PURPOSES AND LIMITATIONS

1.1.   Plaintiff Invitae Corporation ("Invitae") and Defendant Natera, Inc. ("Natera") (collectively, "the Parties") assert that they may possess confidential information in the form of trade secrets or other confidential business, personal and/or technical information related to the subject matter of this Litigation, as well as information that constitutes "protected health information" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this Litigation.   In addition, the Parties contemplate that non-parties may produce confidential information.   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order (hereinafter, "Order").

1.2.   The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.   The Parties further acknowledge, as set forth in Section 17.4, below, that this Order does not entitle them to file confidential information under seal in any manner other than that mandated by Local Rule of Practice and Procedure 5.1.3.

## II.   DEFINITIONS

2.1.   *Litigation*: The term "Litigation" shall mean the above-captioned cases, Nos. 21-cv-669-LPS and 21-cv-01635-LPS, in the United States District Court for the District of Delaware, including any appeals therefrom.

1

2.2.   *Party:* The term "Party" shall mean any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.3.   *Non-Party*: The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Litigation.

2.4.   *Producing Party*: The term "Producing Party" shall mean any Party to this Litigation or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material in connection with this Litigation.

2.5.   *Receiving Party*: The term "Receiving Party" shall mean any Party to this Litigation that receives Discovery Material from a Producing Party.

2.6.   *Designating Party*: The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION".

2.7.   *Challenging Party*: The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this order.

2.8.   *Professional Vendors*: The term "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.9.   *Confidential Information*: The term "CONFIDENTIAL INFORMATION" shall mean information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2

2.10. *Highly Confidential – Attorneys' Eyes Only*: The term "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall mean and refer to extremely sensitive "CONFIDENTIAL INFORMATION" that constitutes or contains trade secrets or particularly sensitive scientific research, licensing, business, financial, market or other proprietary information, the disclosure of which information to non-attorney employees of the Receiving Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11. *Counsel (without qualifier)*: The term "Counsel" shall mean Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.12. *Outside Counsel of Record*: The term "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this Litigation but are retained to represent or advise a Party to this Litigation and have appeared in this Litigation on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.13. *In-House Counsel*: The term "In-House Counsel" shall mean attorneys who are employees of a Party to this Litigation.   In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.14. *Discovery Material*: The term "Discovery Material" shall mean any document, material, item, testimony, information, or thing filed with or presented to the Court or produced, disclosed, served, or generated in connection with the discovery process or Federal Rule 26(a) disclosures in this Litigation, including without limitation, for example, initial disclosures; exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; expert reports; subpoenas; declarations; affidavits; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, presentation by parties or counsel to or in court, designations, and portions thereof.

3

2.15.    *Protected Material*: The term "Protected Material" shall mean and refer to all information and material subject to this Order that constitutes or contains a trade secret or other confidential research, development, or commercial information, including but not limited to non-public technical, business, or financial information, marketing plans, customer lists, vendor lists and proposals, pricing and cost data, business plans, and user information, "protected health information" under HIPAA, and all information, documents, and things referring or relating to the foregoing, including copies, abstracts, and summaries of the same.    "Protected Material" includes information and material designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as those terms are defined above, and "Protected Material" bearing those two designations may only be disclosed to individuals to whom—respectively—"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed.    The scope of this Order shall be understood to encompass not only Protected Material, which is expressly designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION," but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations, which reveal that information.

2.16.    *Sequence Information*:    The term "Sequence Information" shall mean extremely sensitive information marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" constituting databases or listings of greater than 100 sequences, including without limitation, the sequences of single nucleotide polymorphisms (SNPs), loci, primers, and amplicons, that are used or developed by a Party.

2.17.    *Source Code*: The term "Source Code" shall mean extremely sensitive information designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" representing computer

4

code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms and structure of software or hardware designs, as well as bioinformatics algorithms or similar information.

2.18. *Patent Prosecution*: The term "Patent Prosecution" shall mean directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* review, or post-grant proceeding), to the extent the counsel's activities do not include direct or indirect participation in the drafting or amending of patent claims.

2.19. *Final Disposition*: The term "Final Disposition" shall mean the later of (i) dismissal of all claims and defenses in this Litigation, with or without prejudice; and (ii) final judgement herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Litigation, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## III.   SCOPE

3.1.   The protections conferred by this Order cover not only Protected Material (as defined above), but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or

otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.   Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.    DURATION

4.1.    Even after Final Disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.    DESIGNATING PROTECTED MATERIAL

5.1.    <u>Designations for Improper Purposes.</u>  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2.    <u>Manner and Timing of Designations.</u>   Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, the Producing Party should use best efforts to clearly designate Discovery Material that qualifies for protection under this Order before the Discovery Material is disclosed or produced.

**Designation in conformity with this Order requires:**

(a)    <u>for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

6

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.   During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.   Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.   Information which becomes available to any party via inspection, measuring, analyzing, or testing of any document or thing designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" pursuant to this Paragraph or which is prepared or derived by utilizing information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" and supplied under this Order, shall also be considered "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" under this Order.

(b)    for testimony given in a deposition or in other pretrial or trial proceedings, it may be designated by any Party as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate in accordance with this Order. All transcripts of deposition or hearing testimony shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in their entirety until five (5) days following the date of the deposition or hearing. Thereafter, the information contained in the transcript will no longer be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless: (i) within five (5)

7

days of the date of the deposition or hearing, a Party provides written notice to the other Parties designating such transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"; or (2) at the deposition or hearing, counsel for a Party states on the record that certain portions or the entirety of the transcript contains "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.   Nothing in this provision shall deemed as prohibiting any Party from availing itself of the procedures set forth in Section 6 for challenging the designation of deposition testimony as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment of Protective Order," in the form attached as EXHIBIT A, are present at those proceedings.   Parties shall give the other Parties notice if they anticipate having individuals attend a deposition, hearing, or other proceeding if such individuals have not signed the "Acknowledgement of Protective Order" and otherwise complied with this Order with respect to the receipt of Protected Material.   The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the level of protection being asserted by the Designating Party.   If only a portion of the transcript is designated, the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material.   The Designating Party shall inform the court reporter of these requirements.

If the deposition is videotaped, the video technician shall mark the original and all copies of the videotape to indicate that the contents of the videotape are subject to this Order, substantially

along the lines of "This videotape contains confidential testimony used in this case.   Its contents may not be viewed, displayed, or revealed except by order of the Court or pursuant to written stipulation of the Parties."

        (c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        (d)    The Parties agree to meet and confer in good faith prior to trial to establish procedures concerning the use of "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at trial.   Nothing in this Order shall preclude any Party from moving the Court to seal the courtroom, trial exhibits, or the trial transcript in order to preserve the confidential nature of any "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" used at trial.

    5.3.   <u>Additional Categories.</u>  The Parties may agree to add additional categories of Protected Material (in addition to "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") from time to time as may be necessary or appropriate.   If the Parties cannot resolve the issue of whether this order should be amended, the Parties may utilize procedures set forth in Section 8(g) of the Parties' Scheduling Order (D.I. 36) to resolve the matter.   Disclosure of the Protected Material, however, shall still be made, but with the highest level of confidentiality available under this Order, pending resolution of the objection by Parties or the Court, as the case may be.

    5.4.   <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items, or an inadvertent failure to designate materials correctly

does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   <u>Timing of Challenges.</u>   Any Party may challenge the other Party's designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   <u>Meet and Confer.</u>   The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging (as detailed in Section 7 below) and describing the basis for the challenge.   To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to the designation is being made in accordance with this specific paragraph of this Order.   The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice.   In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first

10

or if it establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.   Judicial Intervention.   [Invitae proposal:] If the Parties cannot resolve a designation challenge without court intervention, the Party seeking to maintain the challenged designation shall utilize the procedures set forth in Section 8(g) of the parties' Scheduling Order (D.I. 34) to request court intervention within three (3) days of the meet and confer.] [Natera proposal: If the Parties cannot resolve a designation challenge without court intervention, either party may seek the Court's intervention by following the procedures set forth in Section 8(g) of the parties' Scheduling Order (D.I. 36).] All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.   The Designating Party who has made a claim that a document qualifies as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" shall have the burden of proving that the material it designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "CONFIENTIAL INFORMATION" contains or discloses the Designating Party's confidential and proprietary business information, processes, operations, research, technical or developmental information, production, marketing, sales, shipments or other proprietary data or confidential information of commercial value, including, but not limited to, trade secrets, or is subject to confidentiality obligations to third parties.

## VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.   Basic Principles.   Except as expressly permitted by Section 12, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Litigation

and for no other purpose—including, without limitation, for purpose of preparing, filing, or prosecuting any patent application, continuation, or divisional patent application, reissue patent application, or request for reexamination, or for preparing for, prosecuting, defending, or settling another litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 18 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": Unless agreed to by the Designating Party in writing or the Court directs otherwise, the disclosure of Protected Material marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," may be disclosed only to:

(a)    the Court, its technical advisor, its personnel, and the jury in this Litigation;

(b)    court reporters and videographers and necessary stenographic and clerical personnel thereof engaged for depositions, inspections, and other proceedings in this Litigation involving information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

(c)    subject to Section 9, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving the  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information such persons or entities execute

an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

(d)     persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving the marked documents, such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.   Where a company or firm is retained for such litigation support, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm.   Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information abides by the provisions of this Order;

(e)     persons engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, or Professional Vendors provided that, prior to receiving the marked documents, such persons execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.   Where a company or firm is retained for such litigation support, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm.   Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information abides by the provisions of this Order;

(f)     the Receiving Party's Outside Counsel of Record, their staff, and their commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database services; and

13

(g)     mock jurors or focus group members, provided that, prior to receiving the marked documents, such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order.

7.3.    <u>Disclosure of "CONFIDENTIAL INFORMATION."</u>   Unless agreed to by the Designating Party in writing or the Court directs otherwise, Protected Material marked "CONFIDENTIAL INFORMATION" may be disclosed only to:

(a)     the Court, its technical advisor, its personnel, and the jury in this Litigation;

(b)     court reporters and videographers and necessary stenographic and clerical personnel thereof engaged for depositions, inspections, and other proceedings in this Litigation involving information designated as "CONFIDENTIAL INFORMATION";

(c)     subject to Section 9, approved persons or entities engaged by a Party or counsel as consultants, experts, translators, or interpreters to consult, testify, translate, or interpret in the case, excluding employees, officers or directors of a named Party or of any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving the "CONFIDENTIAL INFORMATION," such persons or entities execute an undertaking in the form attached as EXHIBIT A agreeing to be bound by the terms of this Order;

(d)     persons or entities engaged by a Party or counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving the marked documents, such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order.   Where a company or firm is retained for such litigation support, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm.   Such representative shall be

responsible for ensuring that any employee, consultant, or representative of that company or firm who receives "CONFIDENTIAL INFORMATION" abides by the provisions of this Order

(e) persons engaged by a Party or counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, or Professional Vendors provided that, prior to receiving the marked documents, such persons execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Order. Where a company or firm is retained for such litigation support, it shall be sufficient for purposes of this Order that a representative of such company or firm sign the attached Acknowledgement on behalf of the company or firm. Such representative shall be responsible for ensuring that any employee, consultant, or representative of that company or firm who receives "CONFIDENTIAL INFORMATION" abides by the provisions of this Order;

(f) the Receiving Party's Outside Counsel of Record, their staff, and their commercial copying vendors, data processing vendors, electronic discovery vendors, and/or database services;

(g) No more than two (2) total In-House Counsel of the Receiving Party provided the they are designated in writing pursuant to the requirements of Section 9 below; and

(h) mock jurors or focus group members, provided that, prior to receiving the marked documents, such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Order.

7.4. Nothing in this Protective Order shall prohibit counsel or a party from disclosing a document containing information designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at deposition, at trial, or at any other court hearing or mediation related to the above-captioned action to: (i) any person who appears from the

15

face of the document, or as demonstrated by foundation testimony elicited during a deposition, trial, or other court hearing, to have drafted, prepared, executed, had knowledge of the substance of, or received the document, or any person who is reasonably likely to have had prior lawful access to the document or the information contained therein; or (ii) a corporate representative designed pursuant to Federal Rule of Civil Procedure 30(b)(6) if the Discovery Material is within that particular topic of subject area and reveals on its face that an employee or agent of the Party being deposed pursuant to Federal Rule of Civil Procedure 30(b)(6) authored the Discovery Material within that particular topic or subject area or received the Discovery Material within that particular topic or subject area in the ordinary course of business and outside the context of this Litigation, or (iii) an expert of the Producing Party.   In the event of such disclosure or use of a "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" document or other information, the corresponding testimony relating to such a document in the context of a deposition, shall be designated as, respectively, "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

## VIII.  PROSECUTION BAR

8.1.    Absent written consent from the Producing Party, any individuals, including Outside Counsel of Record, patent agent, expert, consultant, In-House Counsel or in-house employee of, for, or representing the Receiving Party who gains access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information relating to Source Code, Sequence Information, techniques for nucleic acid amplification and sequencing, including but not limited to nucleic acid detection, library preparation, and/or target enrichment for next generation sequencing, techniques for aligning and/or merging DNA sequence reads to generate longer stretches of DNA Sequence Information, including but not limited to techniques of assembling

sequence reads generated using high throughput sequencing, or the use of any such techniques in the process of diagnosing health conditions by medical professionals (collectively, "Protected Technical Material") shall not have direct responsibility for or direct involvement in prosecution of any patent or patent application, or competitive decision making relating to the Protected Technical Material. This prosecution bar is personal to the person who has gained access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information relating to the Protected Technical Material and shall not be imputed to any other person or entity. This prosecution bar shall begin when access to Protected Technical Material is first received by the individual and shall end three (3) years after Final Disposition of this Litigation.

## IX. CONDITIONS ON ACCESS TO PROTECTED MATERIAL

9.1. <u>Consultants and Experts.</u> Prior to a Receiving Party giving, showing, disclosing, making available or communicating Protected Material of a Producing Party to any expert or consultant under Section 7, the Receiving Party shall serve a written notice on the Producing Party that includes: (i) the person's name and business address; (ii) the person's present employer and title (along with a job description); (iii) the person's up-to-date curriculum vitae or resume; (iv) a list of the cases in which the person has testified at deposition or trial and all companies with which the person has consulted or by which the person has been employed for the past five years; (v) any previous or current relationship (personal or professional) with any of the Parties. If the up-to-date curriculum vitae or resume of the expert or consultant provides the information required under this paragraph, then the information need not be separately provided. The Receiving Party shall include with such notice, a copy of the Acknowledgment of Protective Order, in the form attached as EXHIBIT A, signed by the proposed expert or consultant agreeing to be bound by the terms of this Order.

17

9.2.    <u>If any party desires to designate an In-House Counsel</u> to receive information designated CONFIDENTIAL INFORMATION pursuant to Section 7 above, it must first identify in writing (which can be by email or facsimile) to the Producing Party each such In-House Counsel and provide an executed copy of the Acknowledgment of Protective Order in the form attached as EXHIBIT A, signed by the In-House Counsel agreeing to be bound by the terms of this Order.

9.3.    <u>Objections to Proposed Consultants, Experts, and Designated In-House Counsel.</u> The Producing Party shall be entitled to object to such disclosure to the expert, consultant, or In-House Counsel within seven (7) business days after receipt of the Acknowledgment of Protective Order executed by such expert, consultant, or In-House Counsel by stating specifically in writing the reasons why expert, consultant, or In-House Counsel should not receive the Protected Material. Outside Counsel of Record for the Producing Party and Outside Counsel of Record for the Receiving Party shall meet and confer within seven (7) business days after the Producing Party serves its objection, for the purpose of attempting to resolve the objection.   If the objection is not resolved by the Parties, the Producing Party must initiate the dispute resolution procedures set forth in Section 8(g) of the Scheduling Order.   Within seven (7) business days after such meet and confer.   Otherwise, the Producing Party shall be deemed to have withdrawn its objection. In any such request before the Court, the Producing Party shall set forth the Parties' meet and confer efforts and shall bear the burden of showing the need for confidentiality and the grounds for its objection.   No disclosure of Protected Material of the Producing Party shall be made to the proposed expert, consultant, or In-House Counsel until the Parties resolve the matter, the objection is withdrawn, or the Court permits such disclosure.   The filing and pendency of objections shall not limit, delay, or defer any disclosures of Protected Material to persons as to whom no such

18

objection has been made, nor shall it delay or defer any other pending discovery unless the level

of confidentiality bears directly on the objecting Party's ability to conduct such discovery.

9.4.    Authorization and Acknowledgment.    To the extent required by Section 7, each

person authorized to receive Protected Material under this Order (excluding Judges, Magistrate

Judges, judicial law clerks, and clerical personnel of the Court before which this Litigation is

pending or qualified court reporters, as well as third party contractors and their employees involved

solely in document management, delivery or copying services for this Litigation) to whom

Protected Material is to be given, shown, disclosed, made available or communicated in any way,

shall first execute an Acknowledgment of Protective Order in the form attached as EXHIBIT A,

agreeing to be bound by the terms of this Order, acknowledging that Protected Material is subject

to this Order, that the person is authorized under Section 7 to receive Protected Material marked

as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" has read this Order, that such person agrees to comply with, and be bound by, this

Order, and that such person is aware that contempt sanctions may be entered for violation of this

Order.

## X.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

10.1.    If it becomes necessary for a Receiving Party's Outside Counsel of Record to seek

the assistance of any person, other than those persons referred to in Section 7, and to disclose

Protected Material to such person to properly prepare this Litigation for trial, the following

procedures shall be employed:

(a) Outside Counsel of Record for the Receiving Party shall notify, in writing,

Outside Counsel of Record for the Producing Party, identifying therein the specific Protected

19

Material to be disclosed and the name, address and position (along with a job description) of the person(s) to whom such disclosure is to be made;

(b) If no objection to such disclosure is made by Outside Counsel of Record for the Producing Party within ten (10) business days of such notification, Outside Counsel of Record for the Receiving Party shall be free to make such disclosure to the designated person(s) consistent with this Order; provided, however, that Outside Counsel of Record for the Receiving Party shall serve upon Outside Counsel of Record for the Producing Party, prior to disclosure, an Acknowledgment of Protective Order in the form attached as EXHIBIT A, whereby such person agrees to comply with and be bound by this Order.   A copy of the completed Acknowledgment of Protective Order shall be retained by Outside Counsel of Record for the Receiving Party, and distributed upon Final Disposition of this Litigation as set forth in Section 18;

(c) If, within ten (10) business days, the Outside Counsel of Record for the Producing Party objects, in writing, to such disclosure, no disclosure shall be made, except by order of the Court upon request by the Receiving Party.   Before filing such a motion, Outside Counsel of Record for the Receiving Party shall meet and confer with Outside Counsel of Record for the Producing Party in a good faith effort to resolve their differences; and

(d) Any Party moving for such an order requesting disclosure shall explain why the requested disclosure is appropriate, but the Producing Party shall bear the burden of justifying the confidentiality designation and explaining the harm that would result from the requested disclosure.

## XI.   SOURCE CODE AND SEQUENCE INFORMATION

11.1.   Designations.

(a)    Source Code.    To the extent production of Source Code becomes necessary in this case, including but not limited to the information described in Section 2.17, a Producing Party may designate such Source Code as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)    Sequence Information.    To the extent production of sequence information becomes necessary in this case, including but not limited to the information described in Section 2.16, a Producing Party may designate sequence information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

11.2.   Source Code and Sequence Information Production.

(a)    Any Source Code or Sequence Information produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location or means.   The Source Code or Sequence Information shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code or Sequence Information onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code or Sequence Information review, but only to ensure that there is no unauthorized recording, copying or transmission of the Source Code or Sequence Information.

(b)    The Receiving Party may request paper copies of limited portions of Source Code or Sequence Information that are reasonably necessary for the preparation of court filings, pleadings, expert reports or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Source Code or Sequence Information other than

21

electronically as set forth in Section 11.2(a) in the first instance.   The Producing Party shall provide the limited portions of Source Code or Sequence Information in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Producing Party may challenge the amount of Source Code or Sequence Information requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6, whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of resolving the dispute.   Any such information at issue in the dispute will not be produced until the dispute is resolved.

(c)   The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code or Sequence Information in electronic or paper form.   The Receiving Party shall maintain all paper copies of any printed portions of the Source Code or Sequence Information in a secured, locked area.   The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format.   The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.   Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

## XII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

12.1.   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Litigation as "CONFIDENTIAL

INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Party shall:

(a)    promptly notify in writing the Designating Party.   Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.   Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

12.2.   If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Litigation as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.   The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful directive from another court.

## XIII.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

13.1.   The terms of this Order are applicable to information produced by a Non-Party in this Litigation and designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   Such information produced by Non- Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

23

Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

13.2.   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party to not produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

13.3.   If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request.   If the Non-Party timely seeks a protective order, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.   Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

13.4.   If a Party seeks discovery from a Non-Party, either the Non-Party or the Parties may invoke the terms of this Order with respect to any confidential information provided by the Non-Party to the Parties by so advising all Parties to the above-captioned cases in writing. Any such Non-Party shall have standing to appear in the above-captioned cases to file motions and oppose motions, as necessary, to protect such Non-Party's rights in its confidential information.

## XIV.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIALS

14.1.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (i) notify in writing the Designating Party of the unauthorized disclosures, (ii) use its best efforts to retrieve all unauthorized copies of the Protected Material, (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (iv) request such person or persons to execute the Acknowledgment of Protective Order, in the form attached as EXHIBIT A.

## XV.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE PROTECTED MATERIAL

15.1.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.   The Parties agree to exclude from discovery all draft expert reports and communications between a Party and an expert or consultant, as well as any staff, support personnel, contract laboratory, or agent of such expert or consultant, unless such communication includes facts provided by, or documents provided and generated by, the Party who has engaged the expert or consultant, as well as any staff, support personnel, contract laboratory, or agent of such expert or consultant, and such facts or documents are relied upon by the expert or consultant in his or her expert report, declaration, or testimony submitted or provided in this Litigation.

15.2.   Counsel shall exert their best efforts to identify information (including documents or material) protected from discovery by the attorney-client privilege, the work-product doctrine or any other applicable privilege or immunity prior to the disclosure of any such documents or material.   Pursuant to Federal Rule of Evidence 502(d), if information subject to a claim of

25

attorney-client privilege, work-product doctrine, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity in this or any other action.

15.3.   If a Producing Party unintentionally or inadvertently discloses information that it believes is protected privileged or otherwise immune from discovery, the Party shall, within fourteen (14) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request the information be returned.   If that request is made, no Party to this Litigation shall thereafter assert on this basis that the disclosure waived any privilege or immunity.   If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

15.4.   When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (i) shall not use, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance for any purpose; (ii) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (iii) shall immediately take all reasonable steps to destroy or return all copies to the Producing Party; and (iv) shall confirm to the Producing Party the destruction under (iii) above of all copies of the information not returned to the Producing Party by providing a written certification five (5) business days after receiving such request.

15.5.   No one shall use the fact or circumstances of production of the information in this Litigation to argue that any privilege or protection has been waived.   Notwithstanding this

26

provision, no Party or its Outside Counsel of Record shall be required to return or destroy any information that may exist on any disaster recovery backup system.

15.6.    Within ten (10) business days after receiving the documents or confirmation of their destruction from the Receiving Party, the Producing Party shall provide to the Receiving Party a list identifying all such inadvertently produced documents and things and provide details sufficient to allow the Receiving Party to assess the claim of attorney-client privilege, work-product, or other applicable privilege or immunity.   To the extent that only a portion of a returned document or thing contains information that is protected by the attorney-client privilege or by work-product immunity, the Producing Party shall also provide to the Receiving Party replacements for the returned documents or things with the protected information redacted from such documents or things.

15.7.    Within five (5) days after receiving the list described in Paragraph 15.4, the Receiving Party shall notify the Producing Party in writing if it disputes that any such document or thing was inadvertently produced or is protected by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity.

15.8.    Counsel shall endeavor in good faith to resolve any disputes over any claimed privileges or immunities before presenting the matter to the Court for resolution.   If the Parties are unable to resolve the disputes, within fifteen (15) business days after receiving the basis for the claim of privilege or immunity the Receiving Party shall move the Court to compel the production of the returned documents.   The Receiving Party shall not use the substantive content of the inadvertently produced document or thing to challenge its status as privileged or immune, but may require the Producing Party to submit the document or thing under seal for in camera review by the Court.   If the Receiving Party does not move the Court within fifteen (15) business

27

days, the Receiving Party waives the opportunity to challenge the claim of privilege for that document.    The Parties agree that any motions to compel and the related briefs will be filed under seal.    The Producing Party shall have the burden of proving that the documents in dispute are protected by the applicable privilege or immunity.

15.9.   The disposition of documents containing information derived from such inadvertently produced documents shall be addressed on a case-by-case basis by agreement of counsel or by order of the Court.

15.10. To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material. Upon a request for return of the inadvertently produced material, the Receiving Party shall refrain from any further use or dissemination of the inadvertently produced material pending determination of the privilege status of the inadvertently produced material pursuant to this Order and all applicable laws and rules.

15.11. In the event that the Receiving Party discovers material it knows or reasonably should know to be inadvertently or unintentionally produced or disclosed that is protected by the attorney-client privilege or work-product immunity before it has been notified by the Producing Party, the Receiving Party must promptly notify, in writing, the Producing Party of the suspected inadvertent or unintentional disclosure.

15.12. The Parties shall confer regarding the content and timing of exchange of privilege logs.    In no event shall the Parties be required to log documents, materials, information, communications, or things generated or modified after the filing of the May 7, 2021 complaint.

28

Additionally, in no event shall the Parties be required to log documents, materials, information, communications, or things without good cause.

## XVI.  PROCEDURE REGARDING HIPAA-PROTECTED INFORMATION

16.1.   This Order is intended to comply with the HIPAA requirements of 45 CFR § 164.512(e)(l)(v).   A Producing Party is entitled to redact information that constitutes, embodies, or reflects "protected health information" under HIPAA from documents and material produced in this Litigation.   Alternatively, a Producing Party may produce such documents or material in unredacted form by designating the document or material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the provisions of this Order, and the Receiving Party shall treat all such "protected health information" accordingly.   If a Party uses Protected Material containing "protected health information" in an expert report or at deposition, trial, or any motion or other presentation in or to the Court, the Party using such Protected Material shall redact the "protected health information" from such Protected Material.

## XVII. MISCELLANEOUS

17.1.   <u>Right to Further Relief.</u>   Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

17.2.   <u>Rights to Assert Other Objections.</u>   By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

17.3.   <u>Export Control.</u>   Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material,

29

including the release of such technical data to foreign persons or nationals in the United States or elsewhere.    The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

17.4.   <u>Filing Protected Material.</u>   Any Protected Material that is filed with the Court, including a pretrial filing, or an exhibit thereto, that discloses or relies on confidential documents, information or material, shall be filed under seal.    The filing party shall be responsible for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" on the caption of the filing.    The filing party is responsible for filing with the Court a public redacted version within seven (7) days of the original sealed filing, consistent with District of Delaware Local Rule 5.1.3., or as otherwise ordered by the Court, and shall confer with counsel for the other party regarding any proposed redactions before filing.

**XVIII. FINAL DISPOSITION**

18.1.   Within ninety (90) days after the Final Disposition of this Litigation, as defined in Section 2, each Receiving Party must return all Protected Material to the Producing Party, or to its representative Outside Counsel of Record, or destroy such material.    As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.    Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.    Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

## XIX.   OTHER PROCEEDINGS

19.1.   By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.   Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's Protected Material pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed, as noted above in Section 12.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 15, 2022

MORRIS NICHOLS ARSHT
  & TUNNEL LLP

/s/ Karen Jacobs
Karen Jacobs (#2881)
Brian P. Egan (#6227)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
began@morrisnichols.com
dfahnestock@morrisnichols.com

 OF COUNSEL:

Eric Alan Stone
Daniel J. Klein
Ariella C. Barel
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

*Attorneys for Defendant Natera, Inc.*

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

 OF COUNSEL:

Edward R. Reines (No. 135960)
Derek C. Walter (No. 246322)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter @weil.com

*Attorneys for Plaintiff*

**SO ORDERED** this _____ day of _____, 2022.

_____
The Honorable Colm F. Connolly

32

# EXHIBIT A

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVITAE CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 21-cv-669-LPS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| NATERA, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| | ) | |
| INVITAE CORPORATION, | ) | Case No. 21-cv-01635-LPS |
| | ) | |
| *Plaintiff,* | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| NATERA, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

I, _____, state that:

My present residential address is _____.

My present employer is _____

and the address of my present employer is _____.

My present occupation or job description is _____.

I have read and reviewed in its entirety the annexed Stipulated Protective Order ("Protective Order") that has been signed and entered in this matter.

33

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.   At the termination of this Litigation or at any time requested by Outside Counsel of Record for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL INFORMATION" Discovery Material which have come into my possession.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

DATED this _____ day of _____, 20_____.

Signature: _____

Printed Name: _____

34

**EXHIBIT B**

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INVITAE CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 21-cv-669-LPS |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| NATERA, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |
| | ) | |
| INVITAE CORPORATION, | ) | Case No. 21-cv-01635-LPS |
| | ) | |
| *Plaintiff,* | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| NATERA, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

    1.    This agreement is made between:

_____ [NAME OF COUNSEL or CONSULTANT] and

_____ [NAME OF PARTICIPANT], residing at

_____ [ADDRESS OF

PARTICIPANT].

2.      I understand that, in connection with the project in which I am participating today, I may receive information that is confidential, and that I may not share or disclose that information with anyone (including members of my family) outside of this group.

3.      I agree not to disclose any information I learn here today to anyone outside of this group, or not to use such information in any way outside of my participation in this project today.

4.      I agree that, at the end of the project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about those documents or other materials shown to me today.

DATED this _____ day of _____, 20_____.

Signature:        _____

Printed Name: _____

36

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| INVITAE CORPORATION, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 21-cv-669-CFC |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| NATERA, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| —————————————— | ) | |
| | ) | |
| INVITAE CORPORATION, | ) | Case No. 21-cv-01635-CFC |
| | ) | |
| *Plaintiff,* | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| NATERA, INC. | ) | |
| | ) | |
| *Defendant.* | ) | |
| —————————————— | ) | |

**STIPULATION AND ORDER REGARDING DISCOVERY,**
**INCLUDING ELECTRONICALLY STORED INFORMATION ("ESI")**

Pursuant to Federal Rule of Civil Procedure 26(c), the parties hereby agree to be bound by the Delaware Default Standard for Discovery, modified as set forth herein, subject to the approval of the Court:

      1.    **ESI Custodians.** Each party shall be required to search the ESI (e.g., emails, local computer folders[1]) of no more than seven (7) custodians most likely to have

---

[1] The parties agree and acknowledge that ESI Custodian's non-email electronic files (e.g., computer desktop files, C: drives) need not be searched if the relevant contents therein are duplicative of the contents within other non-custodial data sources being searched by the producing party.

1

discoverable information in their possession, custody, or control ("ESI Custodians"). Such ESI Custodians shall be those identified in the parties' disclosures pursuant to Paragraph 3 of the Delaware Default Standard for Discovery.

2.      For search terms, a conjunctive combination of multiple words or phrases (e.g., "'search' AND 'methodology'") narrows the search and shall count as a single search term.  A disjunctive combination of multiple words or phrases (e.g., "'search' OR 'methodology'") broadens the search and shall count as a separate search term unless they are variants of the same word (e.g., "'search' OR 'searching' OR 'searched'").

3.      If the parties elect to use search terms to locate potentially responsive ESI, then, the parties shall disclose their initial search terms to the other side.  Each party shall provide nonbinding initial comments regarding the other side's initial search terms within seven (7) days of receiving the other side's initial search terms.  Nothing in this provision shall be construed to waive either party's ability to request the application of additional search terms as set forth in the default standard, or object to any proposed additional search terms.

4.      Schedule A to the Delaware Default Standard for Discovery shall be modified to include non-published/non-public videoconference recordings.

Dated: March 15, 2022

MORRIS NICHOLS ARSHT
& TUNNEL LLP

/s/ Karen Jacobs
Karen Jacobs (#2881)
Brian P. Egan (#6227)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
began@morrisnichols.com
dfahnestock@morrisnichols.com

 OF COUNSEL:

Eric Alan Stone
Daniel J. Klein
Ariella C. Barel
PAUL,WEISS, RIFKIND,WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

*Attorneys for Defendant Natera, Inc.*

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

 OF COUNSEL:

Edward R. Reines (No. 135960)
Derek C. Walter (No. 246322)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Tel: (650) 802-3000
Fax: (650) 802-3100
edward.reines@weil.com
derek.walter @weil.com

*Attorneys for Plaintiff*

**SO ORDERED** this ____2 8 7ᵗʰ____ day of ____March_____, 2022.

_____
The Honorable Colm F. Connolly

3