## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>                    Plaintiff,<br><br>          v.<br><br>NATERA, INC.,<br><br>                    Defendant. | C.A. No. 21-669-GBW |
| LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>                    Plaintiff,<br><br>          v.<br><br>NATERA, INC.,<br><br>                    Defendant. | C.A. No. 21-1635-GBW |

### MEMORANDUM ORDER

"In these two actions filed by [] Invitae Corporation ('Invitae') against Defendant Natera, Inc. ('Natera'), [Plaintiff Laboratory Corporation of America Holdings ('Labcorp')] alleges infringement of United States Patent Nos. 10,604,799 (''799 patent'), 11,149,308 (''308 patent'), and 11,155,863 (''863 patent')." *Invitae Corp. v. Natera, Inc.*, No. CV 21-1635-GBW, 2022 WL 10465138, at *1 (D. Del. Oct. 18, 2022).[1]

---

[1] In April 2025, Labcorp was "substituted for Invitae Corporation as Plaintiff pursuant to Fed. R. Civ. P. 25(c)[.]" D.I. 269 ¶ 1. Unless otherwise noted, references to docket cites refer to C.A. No. 21-1635.

Pending before the Court are the following motions *in limine*:

1. Plaintiff's Motion *in Limine* No. 1 to Preclude Natera from Contesting Validity Under 35 U.S.C. § 101 (D.I. 295-23) ("Plaintiff's MIL #1"), which has been fully briefed (*id.* at PageID 12172-12176, 12179-12183, 12243-12245);

2. Plaintiff's Motion *in Limine* No. 2 to Exclude Evidence and Argument Regarding the Prior Litigation Between Invitae and Natera (D.I. 295-24) ("Plaintiff's MIL #2"), which has been fully briefed (*id.* at PageID 12249-12253, 12256-12260, 12307-12309);

3. Plaintiff's Motion *in Limine* No. 3 to Exclude Evidence and Argument Regarding Invitae's Overall Financial Conditions (D.I. 295-25) ("Plaintiff's MIL #3"), which has been fully briefed (*id.* at PageID 12319-12323, 12326-12330, 12343-12345);

4. Defendant's Motion *in Limine* No. 1 to Preclude Evidence or Argument That Anticipation by a Prior Art System Cannot Be Established Using Multiple Documents That Describe the System (D.I. 295-26) ("Defendant's MIL #1"), which has been fully briefed (*id.* at PageID 12349-12353, 12440-12444, 12447-12449);[2] and

5. Defendant's Motion *in Limine* No. 2 to Preclude Invitae from Using, or Presenting Evidence or Argument Regarding, the Testimony and Expert Reports of Ryan Sullivan (D.I. 295-27) ("Defendant's MIL #2"), which has been fully briefed (*id.* at PageID 12461-12465, 12471-12475, 12502-12504).

For the following reasons, the Court grants-in-part, denies-in-part, and defers-in-part the parties' motions *in limine*.

---

[2] It is unclear whether Defendant correctly filed a reply brief in support of Defendant's MIL #1. The reply brief found in D.I. 295-26 is titled Natera's Reply in Further Support of Its Motion to Preclude Labcorp from Using, or Presenting Evidence or Argument Regarding, the Testimony and Expert Reports of Ryan Sullivan.

## I.    BACKGROUND

### A.    The Asserted Patents

The '799 patent, '308 patent, and '863 patent (collectively, the "Asserted Patents") "share a common written description" and "generally relate to the field of sequence assembly." 2022 WL 10465138, at *1. "The claimed invention enables the identification of mutations with positional accuracy in a computationally tractable way." *Id.*

### II.    LEGAL STANDARD

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules."[3] "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial."[4]

"A motion *in limine* is a vehicle to exclude inadmissible or prejudicial evidence before it is offered at trial."[5] "A motion *in limine* is designed to 'narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'"[6] "A motion in limine is appropriate for 'evidentiary

---

[3] *Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) (nonprecedential) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).

[4] *DNOW, L.P. v. Schramm, Inc.*, No. CV 17-1575, 2019 WL 13229219, at *1 (D. Del. May 17, 2019) (quoting *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. CV 15-859, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017)).

[5] *Novartis AG v. Actavis Elizabeth LLC*, No. CV 14-1487-LPS, 2017 WL 1398347, at *2 (D. Del. Apr. 17, 2017); *see Chervon (HK) Ltd. v. One World Techs., Inc.*, No. CV 19-1293-GBW, D.I. 521 at 2 (D. Del. Feb. 5, 2025).

[6] *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 2 (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)); *see* Fed. Judicial Ctr., *Patent Case Management Judicial Guide* § 7.5 (3d ed. 2016) ("Motions *in limine* provide the court with an opportunity to establish procedures and substantive limitations that will streamline the evidence, shorten the trial, and reduce jury confusion.").

submissions that clearly ought not be presented . . . because they clearly would be inadmissible for any purpose.'"[7]

Although "[m]any motions *in limine* do require the court's disposition pretrial," *United States v. Adams*, 36 F.4th 137, 150 (3d Cir. 2022), "motions *in limine* often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, "[a] trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context."[8]

## III.    DISCUSSION

### A.    The Court Grants-in-Part and Denies-in-Part Plaintiff's Motions *in Limine*

As explained below, the Court grants-in-part and denies-in-part Plaintiff's motions *in limine*.

### 1.    The Court Denies Plaintiff's MIL #1

In its first motion *in limine*, Plaintiff "seeks to preclude Natera from presenting argument or evidence regarding patent eligibility of the Asserted Patents under § 101." D.I. 295-23 at PageID 12174. Plaintiff contends that such preclusion is warranted because (purportedly) "[t]he Court has already spoken on patent eligibility and has ruled that the Asserted Patents are directed to eligible subject matter." *Id.*[9]

---

[7] *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 2 (alterations in original) (quoting *Evolved Wireless, LLC v. Apple Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019)); *see Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) ("Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds.").

[8] *DNOW*, 2019 WL 13229219, at *1 (quoting *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)).

[9] At the Rule 12 stage, the Court "f[ound] that Claim 1 [of the '799 patent] is directed to a specific solution to a technological problem in the field of sequence assembly." *Invitae Corp. v. Natera,*

4

Defendant disagrees and provides numerous counters. One of Defendant's counters is that Plaintiff's MIL #1 is an untimely and improper request for summary judgment. *Id.* at PageID 12183.

Defendant correctly asserts, and Plaintiff fails to dispute,[10] that a motion *in limine* should not be used to "seek[] a dispositive ruling on a substantive issue in the case."[11] Thus, Plaintiff's MIL #1 can be denied without reaching the merits. *See Telcordia Techs., Inc. v. Lucent Techs., Inc.*, No. CV 04-875 GMS, 2007 WL 7076662, at \*8 (D. Del. Apr. 27, 2007) ("The court, however,

---

*Inc.*, No. CV 21-1147-LPS, 2021 WL 7209516, at \*2 (D. Del. Nov. 30, 2021); *see id.* at \*4 ("So ... the defendant has failed at Step One. Therefore, there is no need for me to move on to Step Two, and I will not proceed to Step Two.") (alteration in original). At that stage, the Court "incorporate[d] by reference the legal standards for Section 101 motions and motions to dismiss as outlined in the Federal Circuit's [] decision in *CosmoKey Solutions v. Duo Security*." *Id.* at \*1. In *CosmoKey*, the Federal Circuit observed that, at the Rule 12 stage, a court should "accept[] as true all facts pleaded by [the patentee] and draw[] all reasonable inferences in favor of [the patentee]." *CosmoKey Sols. GmbH & Co. KG v. Duo Sec. LLC*, 15 F.4th 1091, 1095 (Fed. Cir. 2021).

[10] Plaintiff "has not provided a colorable argument in opposition to this counterpoint." *KGaA v. Hopewell Pharma Ventures, Inc.*, No. CV 22-1365-GBW-CJB, 2025 WL 894551, at \*5 (D. Del. Mar. 24, 2025). This weighs against granting Plaintiff's request. *Cf. Progressive Sterilization, LLC v. Turbett Surgical LLC*, No. CV 19-627-CFC, 2020 WL 3071951, at \*2 (D. Del. June 10, 2020).

[11] *Sonos, Inc. v. D&M Holdings Inc.*, No. CV 14-1330-WCB, 2017 WL 5633204, at \*2 (D. Del. Nov. 21, 2017) ("During the hearing, the Court ruled that D&M's motion was not properly cast as a motion in limine, but instead was seeking a dispositive ruling on a substantive issue in the case. The Court will not address D&M's argument as a motion in limine[.]"); *see, e.g., 10X Genomics, Inc v. Vizgen, Inc.*, No. 22-CV-595-MFK, 2025 WL 625684, at \*2 (D. Del. Jan. 27, 2025) ("Vizgen did not move for summary judgment on this point. It cannot properly obtain via a motion *in limine* a substantive ruling regarding the viability of plaintiffs' willfulness claim."); *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, No. CV 13-1353-LPS, 2020 WL 509182, at \*1 (D. Del. Jan. 31, 2020) ("Defendants' motion is essentially a motion for summary judgment, which is not a proper basis for a MIL."); *Johns Hopkins Univ. v. Alcon Lab'ys Inc.*, No. CV 15-525, 2018 WL 4178159, at \*21 (D. Del. Aug. 30, 2018) ("A motion in limine is not the proper vehicle by which to eliminate issues from a case."); *see also Natera Inc. v. ArcherDx, Inc.*, No. 20-cv-125-GBW, D.I. 585 at 2-3 (D. Del. May 3, 2023). Plaintiff recognizes this rule when opposing Defendant's motions *in limine*. *See* D.I. 295-26 at PageID 12443.

need not address the merits of this motion, because it has determined that the motion is not a motion in limine. Rather, it is a stealth motion for summary judgment[.]").

Moreover, as explained below, Plaintiff's contention that the "law of the case doctrine" precludes Defendant from reraising a 35 U.S.C. § 101 defense is not meritorious. D.I. 295-23 at PageID 12174.

First, "courts do not declare patents to be eligible under § 101, but instead declare only that a party has (or has not) established that a patent is ineligible under § 101." *C.R. Bard, Inc. v. AngioDynamics, Inc.*, No. CV 20-1544-CFC-SRF, 2024 WL 36015, at *1 (D. Del. Jan. 3, 2024); *see LoganTree, LP v. Fossil Grp., Inc.*, No. 1:21-CV-00385-JDW, 2024 WL 5333342, at *3 (D. Del. May 7, 2024) ("Dr. Jeremy Cooperstock's opinions do not violate the law of the case. He has opined about the inventiveness of Claim 1 of the '576 Patent. Judge Stark denied Fossil's motion to dismiss, and I denied Fossil's summary judgment motion on that issue. But neither of us has held that Claim 1 claims patentable subject matter. We have just refused as a matter of law to hold that it does not.").[12]

Second, as explained earlier, Defendant's previous 35 U.S.C. § 101 defense was raised at the Rule 12 stage. *See supra* note 9. Given that a different legal standard applies at the Rule 12 stage,[13] "filing a motion to dismiss [does not] necessarily prevent[] a later filing." *ID Image Sensing, LLC v. Omnivision Techs., Inc.*, No. CV 20-136-RGA, 2021 WL 602438, at *2 (D. Del.

---

[12] In the LoganTree case, at the Rule 12 stage, the Court found "that the claims of the '576 patent are specifically directed to an improvement of physical movement monitoring devices" and "den[ied] Fossil's motion based on its failing at step one." *F45 Training Pty Ltd. v. Body Fit Training USA Inc.*, No. 20-1194-LPS, 2021 WL 2779130, at *6-8 (D. Del. July 2, 2021).

[13] *See Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 329-30 (3d Cir. 2016); *see also F45 Training Pty Ltd. v. Body Fit Training USA Inc.*, No. CV 20-1194-WCB, 2022 WL 17177621, at *7 (D. Del. Nov. 17, 2022), *dismissed*, No. 2023-1304, 2023 WL 2965590 (Fed. Cir. Apr. 17, 2023).

Feb. 16, 2021); *see Tse v. Ventana Med. Sys., Inc.*, 123 F. Supp. 2d 213, 222 (D. Del. 2000) ("The law of the case doctrine does not preclude a grant of summary judgment in favor of a defendant whose motion to dismiss had been previously denied."), *aff'd*, 297 F.3d 210 (3d Cir. 2002).

**2.    The Court Grants-in-Part and Denies-in-Part Plaintiff's MIL #2**

In its second motion *in limine*, Plaintiff "moves to preclude Natera, from offering prejudicial argument, evidence, or testimony regarding the prior litigation between the parties, namely *Natera, Inc. v. ArcherDX, Inc. et al.*, C.A. No. 20-125-GWB (D. Del.)." D.I. 295-24 at PageID 12251.[14]  According to Plaintiff, "[w]hile the parties agree that a discrete subset of the damages evidence in the prior litigation may relate to a reasonable royalty analysis in this case, all of the other issues – whether technical, equitable, business, or other – are irrelevant." *Id.*

The "other issues" that Plaintiff seeks to preclude "includes, but is not limited to, the outcome of the jury trial or allegations that the instant case is an attempt by Invitae to retaliate against Natera for the prior litigation." *Id.* Plaintiff does not, however, seek to preclude "[a] few discrete and self-contained facts from the prior litigation, which both parties' damages experts in this case have addressed in their reports[.]" *Id.* at PageID 12252.

Defendant disagrees, at least in part. Defendant asserts that the prior "case is relevant to multiple issues in this case, including obviousness and damages." *Id.* at PageID 12258. While recognizing that "there may be aspects of the *ArcherDX* Case that are inadmissible, as [Defendant] explains in its second motion *in limine*," Defendant contends that "a blanket ban on any mention

---

[14] In that action, which the Court will refer to as the "*ArcherDX* Litigation," Natera, Inc. alleged "infringement of Natera's United States Patent No. 10,538,814 ('the '814 patent'), United States Patent No. 10,557,172 ('the '172 patent'), United States Patent No. 10,590,482 ('the '482 patent'), United States Patent No. 10,597,708 ('the '708 patent') and United States Patent No. 10,731,220 (the ''220 patent')." No. 20-125-GBW, D.I. 391 ¶ 1.

it, or of how and why Invitae acquired the Asserted Patents would prejudice Natera." *Id.* at PageID 12260.

"[E]vidence of prior litigation 'must pass muster, like any other evidence, as relevant and probative of an issue in the second case.'" *Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 760 F. App'x 977, 980-81 (Fed. Cir. 2019) (nonprecedential) (summarizing holding and quoting *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1573-74 (Fed. Cir. 1993)). "Rule 401's basic standard of relevance is a liberal one." *Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 568 (D. Del. 2011). Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." *United States v. Desu*, 23 F.4th 224, 233 (3d Cir. 2022) (quoting Fed. R. Evid. 401).

Although "there is a strong presumption that relevant evidence should be admitted,"[15] "[c]ourts routinely exclude evidence and argumentation relating to prior litigation because the risk of unfair prejudice substantially outweighs the probative value of any evidence." *Int'l Bus. Machines Corp. v. Zynga Inc.*, No. CV 22-590-GBW, 2024 WL 3993290, at *2 (D. Del. Aug. 29, 2024) (collecting cases); *see Prolitec Inc. v. ScentAir Techs., LLC*, No. CV 20-984-WCB, D.I. 423 ¶ 1 (D. Del. Mar. 28, 2025).[16] In patent cases, evidence from prior litigations is sometimes excluded even when there is an overlap between litigants and asserted patents. *See Sprint*

---

[15] *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 85 (3d Cir. 2019) (quoting *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002)); *see Williams v. City of Philadelphia Off. of Sheriff*, No. CV 17-2697, 2023 WL 198586, at *3 (E.D. Pa. Jan. 15, 2023).

[16] "Under Rule 403, 'th[is] [C]ourt may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Egan v. Delaware River Port Auth.*, 851 F.3d 263, 275 (3d Cir. 2017) (quoting Fed. R. Evid. 403).

*Commc'ns Co. L.P. v. CSC Holdings, LLC*, No. CV 18-1752-RGA, D.I. 382 at 1 (D. Del. Nov. 30, 2022) ("Any evidence or argument that relates to or reveals Sprint's previous litigation of the asserted patents is excluded.") (footnote omitted).

Evidence developed in a prior litigation is not per se inadmissible, however.[17] "Even when courts exclude evidence of the 'existence of ... other litigation', or the arguments therein, 'evidence that has been developed in . . . other litigation—including testimonial as well as documentary evidence—may be used at trial.'"[18]

In this instance, considering the scope of Plaintiff's challenges and the parties' respective contentions, the Court will grant-in-part and deny-in-part Plaintiff's second motion *in limine*.

Specifically, Plaintiff's second motion *in limine* is granted-in-part to the extent that it seeks to preclude the parties from proffering evidence that Plaintiff's motive for acquiring the patents-in-suit and/or bringing this action was, or was not, to retaliate in light of the *ArcherDX* Litigation. The Court reaches this ruling because "the decisions of other circuit and district courts present a general rule: a plaintiff's motive for bringing suit is irrelevant, except in the face of certain equitable defenses, bad faith, or questions of witness bias." *Samsung Elecs. Co. v. NVIDIA Corp.*,

---

[17] *See, e.g.*, *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, No. CV 15-1168-GBW, 2024 WL 125186, at *1 (D. Del. Jan. 11, 2024) ("The Court finds that Plaintiff's statements in a prior proceeding may be admissible in this proceeding as a prior admission if . . . ."); *LoganTree LP v. Fossil Grp., Inc.*, No. 1:21-CV-00385-JDW, 2024 WL 5333640, at *2 (D. Del. Dec. 19, 2024) ("The outcomes of earlier lawsuits might not matter, but evidence from them—such as prior art that defines the scope of the claimed inventions, arguments from earlier disputes that clarify those inventions, or notice to Fossil—could be relevant to issues like invalidity, knowledge, or damages."); *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 24-25 (granting-in-part and denying-in-part request to preclude references to post-grant proceedings before the United States Patent and Trademark Office).

[18] *TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*, No. CV 21-1126-GBW, D.I. 508 at 6-7 (D. Del. Nov. 1, 2023) (some alterations in original) (quoting *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, No. CV 16-284-LPS, 2019 WL 77046, at *2 (D. Del. Jan. 2, 2019)).

No. 3:14CV757, 2016 WL 754547, at *2 (E.D. Va. Feb. 24, 2016). Based on Defendant's briefing, "[n]one of these exceptions is present in this case." *Id.* In other words, "as in non-patent law, motive for bringing suit is irrelevant to the trial of [this] patent infringement suit, absent circumstances not present here." *Id.* at *4; *see Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 8438738, at *4 (N.D. Cal. Dec. 5, 2023) ("Skillz's motivation for bringing this lawsuit is not relevant to any of the issues at trial.").

Even assuming *arguendo* that Plaintiff's (purportedly) retaliatory motivation is relevant, the Court finds that its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[19]

Plaintiff's second motion *in limine* is otherwise denied, as Plaintiff has not adequately identified additional evidence that the Court finds is "clearly inadmissible on all potential grounds." *Leonard*, 981 F. Supp. 2d at 276 ("Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds.").

Lastly, the parties are advised that "the Court would prefer if the parties would work out a stipulation as to what the jury will hear about prior litigation and other proceedings[.]" *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, No. CV 17-189-LPS, 2019 WL 9900043, at *1 (D. Del. Oct. 31, 2019). Thus, within five (5) days of entry of this Memorandum Order, the parties shall meet and confer to discuss the feasibility of such a stipulation.[20]

---

[19] Fed. R. Evid. 403; *see, e.g.*, *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 117CV598BKSCFH, 2022 WL 2643583, at *8 (N.D.N.Y. July 8, 2022); *Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 367 F. Supp. 3d 487, 527-28 (D.S.C. 2019), *aff'd*, 790 F. App'x 208 (Fed. Cir. 2020).

[20] To the extent that the meet and confer does not resolve this matter, then by no later than three (3) days after their meet and confer, the parties shall submit a joint letter, not to exceed three (3) pages, that (1) identifies the specific issues that remain in dispute; (2) sets forth each party's

**3.    The Court Grants-in-Part and Denies-in-Part Plaintiff's MIL #3**

In its third motion *in limine*, Plaintiff "moves to preclude . . . [Defendant] from offering evidence, testimony, argument, or otherwise referencing Invitae's overall financial condition, including potential bankruptcy, delisting from NYSE, stock price, and employee layoffs, etc." D.I. 295-25 at PageID 12321.  According to Plaintiff, "Invitae's overall financial condition now, or in the past, is wholly irrelevant to Invitae's claim for patent infringement" and "its probative value is substantially outweighed by that it would unfairly prejudice Invitae and confuse or mislead the jury." *Id.*; *see id.* at PageID 12322 ("Allowing Natera to present evidence regarding Invitae's overall financial condition to the jury would be highly prejudicial to Invitae because such evidence has no purpose except to paint Invitae in a bad light. Such evidence is intended only to confuse or mislead the jury from the key issues in the case, which are whether Natera infringes Invitae's patents.").

Defendant disagrees, at least in part.  Defendant asserts that "Invitae's financial condition is directly relevant to the parties' claims and defenses in this litigation, including Labcorp's claim for lost profits and its argument that secondary considerations, like commercial success, demonstrate the non-obviousness of the Asserted Patents." *Id.* at PageID 12328.  According to Defendant, "[t]here are aspects of [Plaintiff's MIL #3] [] with which Natera agrees, but those should be taken up individually, not with a blanket ban on any mention of Invitae's financial condition." *Id.*

In this instance, considering the scope of Plaintiff's challenges and the parties' respective contentions, the Court will grant-in-part and deny-in-part Plaintiff's third motion *in limine*.

---

position on each dispute and the legal authority for each party's respective position; and (3) explains why the parties were unable to reach agreement on each issue.

As an initial matter, at this stage, the Court finds that Defendant has overcome the "low threshold" of establishing the relevancy of at least certain evidence that Plaintiff's MIL #3 challenges.[21]    For example, Defendant "has articulated a sufficient basis for why [Invitae]'s financial condition is relevant to damages." *Skillz*, 2023 WL 8438738, at *4; *see, e.g.*, *ClearPlay, Inc. v. Dish Network, LLC*, No. 2:14-CV-00191-DN-CMR, D.I. 726 (D. Utah Feb. 8, 2023) ("Evidence of ClearPlay's size, wealth, and financial condition is relevant to the hypothetical negotiation for the reasonable royalty analysis. . . . Evidence of ClearPlay's size, wealth, and financial condition is also relevant for showing witness bias in the outcome of the litigation, and to impeach testimony and evidence of ClearPlay's financial success resulting from its asserted patents."); *Biomerieux, S.A. v. Hologic, Inc.*, No. CV 18-21-LPS, 2020 WL 583917, at *2 (D. Del. Feb. 6, 2020) ("The Court will not, however, exclude exhibits such as Defendants' SEC filings and presentations to investors provided they are used for a proper purpose (such as describing Defendants' diagnostics business or the revenues associated with the accused products) and provided that the parties meet and confer on appropriate redactions (of irrelevant and/or unfairly prejudicial information)."); *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, No. 14-CV-6544(KAM)(GRB), 2019 WL 2330855, at *6 (E.D.N.Y. May 31, 2019) ("Financial and production capacity evidence necessary to support a determination of damages will be admitted.

---

[21] *United States v. Copple*, 24 F.3d 535, 545 (3d Cir. 1994); *see, e.g.*, *Sohnen v. Charter Commc'ns, Inc.*, No. 18-CV-6744, 2025 WL 25418, at *4 (E.D.N.Y. Jan. 3, 2025) ("[I]t is well-established that Rule 401's test for relevance is a 'low threshold, easily satisfied[.]'"); *Smith v. Ergo Sols., LLC*, No. CV 14-382 (JDB), 2019 WL 3068293, at *2 (D.D.C. July 12, 2019) ("To be relevant, evidence need not be dispositive; rather, it must merely cross the low threshold prescribed by Rule 401.") (quotation marks omitted); *Leinenweber v. DuPage Cnty.*, No. CV 8-3124, 2011 WL 612332, at *1 (N.D. Ill. Feb. 15, 2011) ("[T]he federal courts are unanimous in holding that the definition of relevant is expansive and inclusive, and that the standard for admissibility is very low.") (citations omitted).

For instance, the parties' relative market positions may be relevant to a reasonable royalty determination, to the extent such has been properly disclosed in an expert report.").[22]

Additionally, at this stage, the Court is not convinced that all evidence regarding Invitae's financial condition has "probative value [that] is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see, e.g.*, *ClearPlay*, No. 2:14-CV-00191-DN-CMR, D.I. 726 ("The probative value of this evidence [regarding plaintiff's size, wealth, and financial condition] for these specific purposes is not substantially outweighed by any prejudice, subject to concerns of undue delay, wasting time, or needlessly presenting cumulative evidence."); *Skillz*, 2023 WL 8438738, at *4-5 ("The Court also concludes that evidence of Skillz's market capitalization and profits are not unfairly prejudicial. Skillz has not identified why any of its financial information, which is publicly available, would mislead the jury or otherwise prejudice Skillz. . . . The Court DENIES the motion with respect to the use of Skillz's financial condition (i.e., market share and profits) by the damages experts to show the reasonableness or unreasonableness of the damages demand.").

---

[22] The Court recognizes that Plaintiff asserts that "neither sides' experts discussed Invitae's overall financial condition in forming their opinions on damages." D.I. 295-25 at PageID 12321; *see id.* at PageID 12345. At this stage, the Court is not convinced by this contention because Plaintiff fails to back it up with pinpoint citations to the relevant expert reports. "It is not [the Court's] responsibility, especially in a counseled case, to form [P]laintiff's arguments for [it] by researching the record." *Lipton v. Cnty. of Orange, NY*, 315 F. Supp. 2d 434, 440 n.3 (S.D.N.Y. 2004); *see Live Face on Web, LLC v. Rockford Map Gallery, LLC*, No. CV 17-539, 2020 WL 13718835, at *1 n.1 (D. Del. Dec. 11, 2020) ("'Judges are not like pigs, hunting for truffles buried in briefs,' or in this case, exhibits.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). However, to the extent that Plaintiff has accurately characterized the parties' expert reports, the parties are "reminded that any opinion expressed by [their experts] at trial must be contained in [their] reports." *Biogen Inc. v. Zydus Worldwide DMCC*, No. CV 23-732 (GBW), 2025 WL 2029258, at *4 (D. Del. July 21, 2025).

Thus, Plaintiff's third motion *in limine* is denied-in-part to the extent that it seeks to wholly preclude the parties from proffering any evidence regarding Invitae's financial condition, as the Court is not convinced that all such evidence is "clearly inadmissible on all potential grounds." *Leonard*, 981 F. Supp. 2d at 276 ("Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds.").[23]  To the extent that Plaintiff asserts that specific evidence regarding Invitae's financial condition in inadmissible, Plaintiff "shall make timely objections as necessary and in accordance with Judge Williams' Trial Procedures, and at that time, the Court will determine whether to overrule or sustain the objection[s]." *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 27-28 (quotation marks omitted); *see McGinley v. Luv n' care, Ltd.*, No. 3:17-CV-00821, 2023 WL 6372877, at *4 (W.D. La. Sept. 28, 2023) ("If specific evidence, testimony, or argument is presented at trial that Defendants believe is improper regarding the issue of Defendants' size and wealth, then Defendants can object at that time.").

Plaintiff's third motion *in limine*, however, is granted-in-part to the extent that it seeks to preclude the parties from "referencing Invitae's . . . potential bankruptcy, delisting from NYSE, stock price, and employee layoffs[.]" D.I. 295-25 at PageID 12321.[24]  The Court finds that the "probative value [of such evidence] is substantially outweighed by a danger of one or more of the

---

[23] To be clear, at this stage, the Court is not finding that all such evidence is necessarily admissible. In fact, certain evidence regarding Invitae's financial condition may be inadmissible. *See, e.g., Carucel Invs., L.P. v. Novatel Wireless, Inc.*, No. 16-CV-118-H-KSC, 2017 WL 1215838, at *19-20 (S.D. Cal. Apr. 3, 2017), *aff'd*, 730 F. App'x 938 (Fed. Cir. 2018); *Skillz*, 2023 WL 8438738, at *5; *Biomerieux*, 2020 WL 583917, at *2.

[24] The Court adds one proviso to this ruling.  The Court's ruling on Plaintiff's third motion *in limine* does not necessarily preclude the parties from proffering "evidence regarding any armslength transactions which may have occurred during bankruptcy" proceedings. *SimpleAir, Inc. v. Google Inc.*, No. 2:14-CV-11, D.I. 325 ¶ 9 (E.D. Tex. Oct. 5, 2015).

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

For example, "[d]iscussion of Plaintiff's near bankruptcy would be highly prejudicial to Plaintiff." *Viatech Techs., Inc. v. Adobe, Inc.*, No. CV 20-358-RGA, 2023 U.S. Dist. LEXIS 163870, at *3 (D. Del. Sep. 14, 2023); *see HTC Corp. v. Tech. Props. Ltd.*, No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *2 (N.D. Cal. Sept. 6, 2013) ("A reference to bankruptcy may trigger visceral reactions among jurors and the court believes such a reaction carries a risk of substantial unfair prejudice. Moreover, there is a substantial risk that evidence of TPL's bankruptcy will confuse the issues. The court GRANTS TPL's motion to exclude evidence of TPL's bankruptcy."). Moreover, "introducing evidence or argument regarding . . . [Plaintiff's near bankruptcy] will result in a sideshow . . . . that [] will result in a waste of time at trial and will confuse the issues for the jury." *Prolitec*, No. CV 20-984-WCB, D.I. 423 ¶ 1.

## B.    The Court Grants-in-Part, Denies-in-Part, and Defers-in-Part Defendant's Motions *in Limine*

As explained below, the Court grants-in-part, denies-in-part, and defers-in-part Defendant's motions *in limine*.

### 1.    The Court Denies Defendant's MIL #1

In its first motion *in limine*, Defendant "moves to preclude Invitae from offering evidence or argument suggesting that anticipation by a prior-art system cannot be established through multiple documents describing that system." D.I. 295-26 at PageID 12351; *see id.* at PageID 12353 ("Invitae should not be permitted to mislead or confuse the jury by suggesting that a prior art software system is *per se* not anticipatory because Natera relies on multiple sources to demonstrate the functionality and elements of the prior art software."). Defendant contends that "[s]uch evidence and argument by Invitae would misstate the law and would thus be irrelevant,

prejudicial, and likely to confuse and mislead the jury." D.I. 295-26 at PageID 12351; *see id.* at PageID 12353 ("Such argument is not only irrelevant as a matter of law but also misleading and confusing, as it would put before the jury a theory based on an erroneous legal standard.").

Plaintiff disagrees and provides numerous counters. Plaintiff contends that Defendant's MIL #1 seeks relief that is outside the scope of a proper motion *in limine*. *See id.* at PageID 12442-12443. Plaintiff also contends that, "[e]ven assuming Natera's motion was the proper subject of a motion *in limine*, it should nonetheless be denied on the merits." *Id.* at PageID 12443. This is so, according to Plaintiff, because Defendant has (purportedly) failed to provide "clear and convincing evidence that all references it asserts are representative of the NextGENe system as prior art are in fact representative." *Id.* Thus, Plaintiff asserts that it "should not be precluded from presenting evidence or argument that Natera cannot establish anticipation by a prior-art system through the use of [certain] multiple references." *Id.* at PageID 12444.

"Anticipation requires that a single prior art reference disclose each and every limitation of the claimed invention, either expressly or inherently." *Kaneka Corp. v. Designs for Health, Inc.*, 760 F. Supp. 3d 152, 178 (D. Del. 2024) (quoting *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1305 (Fed. Cir. 2019)); *see Galderma Lab'ys, L.P. v. Teva Pharms. USA, Inc.*, 799 F. App'x 838, 843 (Fed. Cir. 2020) (nonprecedential) (noting the "axiom that a patent claim can only be invalid for anticipation if a single reference discloses each and every limitation of the claimed invention"). Thus, "[p]arties cannot combine multiple prior art references to show anticipation." *Nexus Pharms., Inc. v. Exela Pharma Scis., LLC*, No. CV 22-1233-GBW, 2025 WL 1918825, at *2 (D. Del. July 11, 2025).

"The Federal Circuit has ruled, however, that additional references may be used to 'confirm the contents of the allegedly anticipating reference[.]'" *Kove IO, Inc. v. Amazon Web Servs., Inc.*,

16

No. 18 C 8175, 2024 WL 450028, at *22 (N.D. Ill. Feb. 6, 2024) (quoting *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1335 (Fed. Cir. 2002)); *see Intermec Techs. Corp. v. Palm Inc.*, 811 F. Supp. 2d 973, 998-99 (D. Del. 2011). Thus, "[m]ultiple references can be used 'to demonstrate and support how [a prior art system] functioned at the time[.]'" *S.A.R.L. v. LG Elecs., Inc.*, No. CV 12-1595-LPS, 2022 WL 22401011, at *9 (D. Del. Apr. 8, 2022) (some alterations in original) (quoting *Finjan, Inc. v. Symantec Corp.*, No. 10-CV-593 (GMS), 2013 WL 5302560, at *17 (D. Del. Sept. 19, 2013), *aff'd*, 577 F. App'x 999 (Fed. Cir. 2014)).

In this instance, having considered the parties' respective contentions, there does not seem to be a genuine dispute between the parties regarding whether "the law [on anticipation] permits multiple documents to describe a single reference," such as a prior art system. *Nexus Pharms., Inc. v. Exela Pharma Scis., LLC*, No. CV 22-1233-GBW, 2025 WL 2197399, at *2 (D. Del. Aug. 1, 2025).[25] In other words, there does not seem to be a genuine dispute that circumstantial evidence can potentially support an invalidity ground. *See Nexus*, 2025 WL 2197399, at *2; *TransWeb, LLC v. 3M Innovative Props. Co.*, 812 F.3d 1295, 1301 (Fed. Cir. 2016). Instead, it appears that the parties dispute "whether there was a single prior art system that encompassed the features described by multiple combined" documents. *S.A.R.L.*, 2022 WL 22401011, at *9.

Thus, Defendant's MIL #1 is denied-as premature. *See Am. Axle*, 2024 WL 125186, at *2.

## 2. The Court Grants-in-Part, Denies-in-Part, and Defers-in-Part Defendant's MIL #2

In its second motion *in limine*, Defendant "moves to preclude Invitae from using at trial, including presenting evidence or argument regarding, the deposition testimony and expert reports

---

[25] Defendant does not provide a pinpoint citation of where in the record "Invitae . . . suggest[s] that a prior art software system is *per se* not anticipatory because Natera relies on multiple sources to demonstrate the functionality and elements of the prior art software." D.I. 295-26 at PageID 12353. Plaintiff's opposition brief gives no indication that Plaintiff intends to advance that contention.

(including supporting materials and exhibits thereto) of Ryan Sullivan, Ph.D. from" the *ArcherDX* Litigation. D.I. 295-27 at PageID 12463. Defendant asserts that "Dr. Sullivan's deposition testimony and reports are not admissible here as a matter of law," because "[a]n expert's report and deposition testimony from another litigation are hearsay when offered in a second litigation, in which that expert is not retained or testifying, even if offered against the party that retained that expert in the first case." *Id.* at PageID 12463-12464.[26]

Plaintiff disagrees. Plaintiff asserts that "Natera's attempt to exclude Ryan Sullivan's materials rests upon little more than a misunderstanding of law and a mischaracterization of facts." *Id.* at PageID 12473. Plaintiff highlights that Mr. "Alexander Clemons, Labcorp's damages expert, cited Dr. Sullivan's materials from the *ArcherDX* Case in his opening report, served on June 16, 2023." *Id.* (emphasis removed). Plaintiff also highlights that "Nisha Mody, Natera's damages expert in this case, cites testimony from James Malackowski in her July 21, 2023 report." *Id.* (emphasis removed).

As an initial matter, the Court is not convinced by Plaintiff's waiver contention (*see id.* at 12475). Putting aside Federal Rule of Evidence 103(d),[27] Plaintiff's contention is entirely lacking in legal support. *See VoiceAge EVS LLC v. HMD Glob. OY*, No. CV 19-1945-GBW, 2025 WL 1397239, at *22 (D. Del. May 14, 2025) (rejecting contention where proponent "provided insufficient legal support").

---

[26] "Hearsay is any statement, other than one made by a declarant while testifying at the trial or hearing, 'offer[ed] in evidence to prove the truth of the matter asserted.'" *Schuchardt v. President of United States*, 802 F. App'x 69, 75 (3d Cir. 2020) (nonprecedential) (alteration in original) (quoting Fed. R. Evid. 801(c)(2)). "It is generally inadmissible as evidence." *Id.* (citing *United States v. Pelullo*, 964 F.2d 193, 203 (3d Cir. 1992)).

[27] "The Federal Rules of Evidence require that inadmissible evidence should not be introduced in a jury trial or even suggested to the jury 'to the extent practicable.'" *Mannino v. McKee Auto Ctr., Inc.*, 753 F. Supp. 3d 723, 728 (S.D. Iowa 2024) (quoting Fed. R. Evid. 103(d)).

On the merits, considering the scope of Defendant's challenges and the parties' respective contentions, the Court will grant-in-part, deny-in-part, and defer-in-part Defendant's second motion *in limine*.

Defendant's second motion *in limine* is granted-in-part to the extent that it seeks to preclude Dr. Sullivan's expert reports from being admitted into evidence. The Court reaches this decision because "[e]xpert reports are classic hearsay and generally barred from admission at trial by Rule 802." *Stirista, LLC v. Skydeo Inc.*, No. 1:23-CV-00856-CFC, 2025 WL 825288, at *1 (D. Del. Mar. 14, 2025) (collecting cases). "It is well settled that the party seeking to admit an item into evidence bears the burden of establishing its admissibility." *Ingenico Inc. v. IOENGINE, LLC*, No. CV 18-826-WCB, 2022 WL 22835287, at *6 (D. Del. July 5, 2022) (collecting cases). Plaintiff "is the proponent of th[e] evidence, it has the burden of proving that it is admissible, and in the absence of identifying any hearsay exception, it has failed to do so." *Cordance Corp. v. Amazon.com, Inc.*, 639 F. Supp. 2d 406, 430 (D. Del. 2009).[28]

For similar reasons, Defendant's second motion *in limine* is granted-in-part to the extent that it seeks to preclude Dr. Sullivan's deposition testimony from being admitted into evidence. *See* Vicki Franks, *An Expert's Expertise: Is Expert Deposition Testimony Impermissible Hearsay*

---

[28] The Court is not convinced by Plaintiff's contention that Federal Rule of Evidence 703 compels a different ruling. Plaintiff has not adequately explained how Rule 703 is relevant to Defendant's MIL #2. Moreover, "[d]ecisions construing Rule 703 and related rules have made clear that Rule 703 is not a vehicle for introducing unreliable evidence into the trial record." *Lab'y Corp. of Am. Holdings v. Natera, Inc.*, No. CV 21-1635-GBW, 2025 WL 1769837, at *4 (D. Del. June 26, 2025) (quoting *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, D.I. 528 at 4 (D. Del. June 23, 2022)); *see id.* at *3 n.5.

*or an Admission by A Party-Opponent at Trial?*, 36 Am. J. Trial Advoc. 263, 275-82 (2012) (discussing *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147 (3d Cir. 1995)).[29]

Defendant's second motion *in limine* is denied-in-part to the extent that it seeks to preclude timely disclosed testimony of Mr. Clemons. The Court reaches this ruling for two reasons. First, based on Defendant's reply brief, it seems doubtful that Mr. Clemons will offer any such testimony at trial. *See* D.I. 295-27 at PageID 12504 ("Mr. Clemons did not disclose opinions about—or rely on, quote, or even refer to—Dr. Sullivan's testimony. . . . Labcorp rests its entire argument on the fact that Dr. Sullivan's *ArcherDX* testimony is on Mr. Clemons's 'documents considered' list. . . . Mr. Clemons disclosed no opinions about Dr. Sullivan in his reports, and Labcorp points to no passages in the body of Mr. Clemons's reports where he even mentions Dr. Sullivan.").[30]  Second, assuming that Mr. Clemons did timely offer such testimony, then Defendant's challenge would be an untimely pretrial *Daubert* challenge. *See Biogen Inc. v. Sandoz Inc.*, No. CV 22-1190-GBW, 2025 WL 1260954, at *8-9 (D. Del. May 1, 2025).

Defendant's second motion *in limine* is otherwise deferred-in-part. *See DNOW*, 2019 WL 13229219, at *1 ("A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context.") (quoting *Tartaglione*, 228 F. Supp. 3d at 406). Thus, to the extent it is necessary, the Court will make a later determination, in context during the trial.

---

[29] To be clear, in this instance, the Court's ruling is concerned with "a party's use at trial of testimony given by a witness in a different case[.]" *Vandenbraak v. Alfieri*, No. CV 01-482KAJ, 2005 WL 1242158, at *5 n.9 (D. Del. May 25, 2005) (discussing facts of *Kirk*, 61 F.3d 147).

[30] Plaintiff "is reminded that any opinion expressed by [Mr.] [Clemons] at trial must be contained in his reports." *Biogen*, 2025 WL 2029258, at *4.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants-in-part, denies-in-part, and defers-in-part the parties' motions *in limine*.[31]

\* \* \*

WHEREFORE, at Wilmington this 27th day of August 2025, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion *in Limine* No. 1 to Preclude Natera from Contesting Validity Under 35 U.S.C. § 101 (D.I. 295-23) is **DENIED**;

2. Plaintiff's Motion *in Limine* No. 2 to Exclude Evidence and Argument Regarding the Prior Litigation Between Invitae and Natera (D.I. 295-24) is **GRANTED-IN-PART** and **DENIED-IN-PART**;

3. Plaintiff's Motion *in Limine* No. 3 to Exclude Evidence and Argument Regarding Invitae's Overall Financial Conditions (D.I. 295-25) is **GRANTED-IN-PART** and **DENIED-IN-PART**;

---

[31] The Court's "[r]ulings on [the] motions *in limine* are by definition preliminary and are subject to change as the case unfolds." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003). "At trial, the parties shall make timely objections as necessary and in accordance with Judge Williams' Trial Procedures, and at that time, the Court will determine whether to overrule or sustain the objection[s]." *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 27-28 (quotation marks omitted). The failure to do so may have consequences. *See, e.g.*, *United States v. Jones*, 566 F.3d 353, 362 (3d Cir. 2009) ("Where a court defers its decision on a motion *in limine* and the defendant fails to renew his objection during trial, the review is for plain error."); *Walden*, 126 F.3d at 518 ("If the district court makes only a tentative ruling on a motion *in limine* an objection or offer of proof at trial is not unnecessary or 'formal.'"); *Egenera, Inc. v. Cisco Sys., Inc.*, 141 F.4th 1350, 1366 (Fed. Cir. 2025) ("Many *in limine* orders, including those at issue here, are not self-enforcing; often a party must raise specific objections when it believes such orders are being violated at trial.").

4. Defendant's Motion *in Limine* No. 1 to Preclude Evidence or Argument That Anticipation by a Prior Art System Cannot Be Established Using Multiple Documents That Describe the System (D.I. 295-26) is **DENIED**; and

5. Defendant's Motion *in Limine* No. 2 to Preclude Invitae from Using, or Presenting Evidence or Argument Regarding, the Testimony and Expert Reports of Ryan Sullivan (D.I. 295-27) is **GRANTED-IN-PART**, **DENIED-IN-PART**, and **DEFERRED-IN-PART**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE